# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

KALEB LINGG,

    Plaintiff,

v.

Case No.: 8:25-cv-2254

FLUID APPLIED ROOFING, LLC,
an Ohio limited liability company, and
EGREEN MANAGEMENT
CONSULTING SERVICES, LLC, an
Ohio limited liability company,

    Defendants.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW, Plaintiff, Kaleb Lingg, by and through the undersigned attorneys, and files this Complaint and Demand for Jury Trial against Defendants eGreen Management and Consulting Services, LLC and Fluid Applied Roofing, LLC. In support thereof, Plaintiff states as follows:

### NATURE OF THE ACTION

1. This is an action against Defendant eGreen Management and Consulting Services, LLC (hereinafter "eGreen") to remedy its failure to pay overtime wages in violation of the Fair Labor Standards Act, 29 U.S.C. § § 201, *et seq.* (hereinafter "FLSA").

2. This is an action against Defendant Fluid Applied Roofing, LLC (hereinafter "FAR") to remedy its failure to pay overtime wages in violation of the Fair Labor Standards Act, 29 U.S.C. § § 201, *et seq.* (hereinafter "FLSA").

3. This is an action against Defendant FAR to remedy its failure to pay commissions, in breach of its contractual obligations to Plaintiff.

## JURISDICTION AND VENUE

4. Jurisdiction is conferred on this Court by 28 U.S.C. § 1331.

5. Venue is proper in the Middle District of Florida, Tampa Division, under 28 U.S.C. § 1391(b)(2).

6. Plaintiff is a natural person, at all times relevant to this action, was an employee of eGreen.

7. Plaintiff is a natural person who, at all times relevant to this action, was an employee of FAR.

8. Plaintiff is a resident of Tampa, Florida.

9. Defendant eGreen is a limited liability company organized in the State of Ohio.

10. Defendant FAR is a limited liability company organized in the State of Ohio.

11. Defendants FAR and eGreen are employers, joint employers, or co-employers for purposes of the FLSA as the term is defined by 29 U.S.C. § 209.

12. Venue is proper in this Court because Defendants transact business in this district, Defendants employed Plaintiff in this district, and the claims arose within this district.

## FACTUAL ALLEGATIONS

13. The primary purpose of Defendant eGreen is consulting as to roofing needs and engaging in the sale of materials required for its clients' roofing needs.

14. The primary purpose of Defendant FAR is the manufacturing and distribution of fluid applied roof coating and related products.

15. Defendants held themselves out of joint or single entities when they offered employment to Plaintiff.

16. Upon information and belief, Defendants' gross annual revenue exceeded $500,000.00 during 2023 and 2024 and is expected to exceed $500,000.00 during 2025.

17. Defendants customarily and regularly sold goods and services across state lines.

18. At all times relevant, Defendants employed two or more employees that customarily, continually, and regularly handled goods and materials that (i) were purchased from a person or entity outside the state of Florida and/or (ii) were purchased in Florida but had previously traveled through interstate commerce.

19. Upon information and belief, Defendants obtained and solicited funds from non-Florida sources, accepted funds from non-Florida sources, used telephonic (or other electronic) transmissions going over state lines to do its business, transmitted funds outside the State of Florida, used electronic means to market and run their business in a way that was not limited to Florida, and otherwise regularly engaged in interstate commerce during the relevant period.

20. Defendants, upon information and belief, accept checks, wire transfers, and other forms of payment that are made or processed outside of the State of Florida, and did so during the relevant period.

21. Defendants are employers engaged in interstate commerce and subject to the FLSA.

22. Plaintiff was hired as an employee by Defendant eGreen to work as an account representative performing work for Defendant FAR.

23. On August 7, 2023, Defendant FAR and Plaintiff executed a sales representative agreement, pursuant to which Plaintiff would be provided with a "Commission Schedule" with "full details of salary (where applicable) and commission." Ex. 2.

24. On September 18, 2023, Plaintiff and Defendant eGreen entered into a contract by which, in addition to his base salary, Plaintiff would be paid commissions for work performed for Defendant eGreen and Defendant FAR. Ex. 2.

25. The September 18, 2023, contract between Plaintiff and Defendant eGreen provided that Plaintiff is entitled to a "FAR Commission" amounting to "10% on all personally acquired sales" as well as an "eGreen Commission" amounting to "7% on all personally acquired sales."

26. On May 6, 2025, Plaintiff and Defendant FAR entered into an agreement updating Plaintiff's commission schedule. Ex. 3.

27. Under the May 6, 2025, commission schedule, Plaintiff earned ten percent (10%) commission on material sales made for Defendant FAR. Ex. 3.

28. Under the May 6, 2025, commission schedule, Plaintiff became entitled to his commission payments on the 15th day of each month for "all orders that have been paid in full by the last calendar day of the previous month." Ex. 3.

29. As an account representative, Plaintiff was responsible for inside sales for Defendants eGreen and FAR, which entailed soliciting customers and prospective customers through various social media platforms in order to market Defendants' roofing products.

30. Defendant eGreen compensated Plaintiff on a salary basis.

31. During his employment with Defendant eGreen, Plaintiff regularly worked more than 40 hours per week.

32. Defendant eGreen failed to issue Plaintiff pay at time-and-a-half his regular rate of pay for all overtime hours worked as required by the FLSA.

33. Defendant eGreen did not provide any compensation to Plaintiff for any overtime hours worked beyond his regular salary.

34. Defendant FAR separately retained Plaintiff's services, classifying Plaintiff as an independent contractor.

35. Despite classifying Plaintiff as an independent contractor, Defendant FAR treated Plaintiff as an employee, which was intertwined with his employment with Defendant eGreen.

36. Plaintiff's employment agreement with Defendant eGreen included a term of employment with not only Defendant eGreen, but Defendant FAR as well.

37. During his employment with Defendant FAR, Plaintiff regularly worked more than 40 hours per week.

38. Defendant FAR failed to issue Plaintiff pay at time-and-a-half his regular rate of pay for all overtime hours worked as required by the FLSA.

39. Defendant FAR did not provide any compensation to Plaintiff for any overtime hours worked beyond his regular rate of pay for services rendered.

40. Defendants intentionally refused to pay Plaintiff overtime wages he was owed under the FLSA.

41. Defendants were Plaintiff's employer, joint employer, or co-employer for purposes of the FLSA as the term employer is defined by 29 U.S.C. § 203 and, as such, jointly and severally owe Plaintiff unpaid overtime wages.

42. Before Plaintiff left employment with Defendant eGreen and Defendant FAR, he procured at least four personally acquired sales for which final payment was made, and for which Plaintiff was not paid commissions.

## COUNT I: OVERTIME VIOLATION BY EGREEN UNDER THE FAIR LABOR STANDARDS ACT

43. Plaintiff re-alleges and incorporates by reference the allegations in paragraphs 1-4-6, 8-9, 11-13, 15-22, 24-25, 29-33, 35-36, and 41-42 above as if fully set forth herein.

44. As part of its business, Defendant eGreen purchased foods and materials that traveled through interstate commerce.

45. These goods and materials were customarily, continually, and regularly handled by two or more employees, including Plaintiff.

46. Upon information and belief, Defendant eGreen obtained and solicited funds from non-Florida sources, accepted funds from non-Florida sources, used telephonic transmissions going over state lines to do its business, transmitted funds outside of the State of Florida, used electronic means to market and run its business in a way that was not limited to Florida, and otherwise regularly engaged in interstate commerce during the relevant period.

47. Defendant eGreen, upon information and belief, accepted credit card payments, wire transfers, and other forms of payments made or processed outside of the State of Florida during the relevant time period.

48. Plaintiff worked overtime hours for Defendant eGreen for which he was not compensated at a rate of no less than one and one-half times his regular rate of pay as required by the FLSA.

49. Plaintiff is owed unpaid overtime compensation pursuant to the FLSA.

50. In addition, Defendant eGreen is liable for double the overtime amounts owed as liquidated damages under the FLSA as a result of its intentional and willful violations for up to the three-year statute of limitations afforded by the FLSA.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment for Plaintiff and against Defendant eGreen under the FLSA; award Plaintiff actual damages for the unpaid overtime wages; award Plaintiff liquidated damages; award

Plaintiff his attorneys' fees and costs; award Plaintiff all recoverable interest; and award any other relief this Honorable Court deems just and proper.

## COUNT II: OVERTIME VIOLATION BY FAR UNDER THE FAIR LABOR STANDARDS ACT

51. Plaintiff re-alleges and incorporates by reference the allegations in paragraphs 2, 4-5, 7-8, 10-12, 14-22, 24-25, 29, and 34-41 above as if fully set forth herein.

52. As part of its business, Defendant FAR purchased foods and materials that traveled through interstate commerce.

53. These goods and materials were customarily, continually, and regularly handled by two or more employees, including Plaintiff.

54. Upon information and belief, Defendant FAR obtained and solicited funds from non-Florida sources, accepted funds from non-Florida sources, used telephonic transmissions going over state lines to do its business, transmitted funds outside of the State of Florida, used electronic means to market and run its business in a way that was not limited to Florida, and otherwise regularly engaged in interstate commerce during the relevant period.

55. Defendant FAR, upon information and belief, accepted credit card payments, wire transfers, and other forms of payments made or processed outside of the State of Florida during the relevant time period.

56. Plaintiff worked overtime hours for Defendant FAR for which he was not compensated at a rate of no less than one and one-half times his regular rate of pay as required by the FLSA.

57. Plaintiff is owed unpaid overtime compensation pursuant to the FLSA.

58. In addition, Defendant FAR is liable for double the overtime amounts owed as liquidated damages under the FLSA as a result of its intentional and willful violations for up to the three-year statute of limitations afforded by the FLSA.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment for Plaintiff and against Defendant FAR under the FLSA; award Plaintiff actual damages for the unpaid overtime wages; award Plaintiff liquidated damages; award Plaintiff his attorneys' fees and costs; award Plaintiff all recoverable interest; and award any other relief this Honorable Court deems just and proper.

### COUNT III: BREACH OF CONTRACT AGAINST DEFENDANT FAR

59. Plaintiff re-alleges and incorporates by reference the allegations in paragraphs 3, 4-5, 7-8, 10-12, 14-29, and 34-42 above as if fully set forth herein.

60. The Sales Representative Agreement and May 6, 2025 commission schedule between Plaintiff and Defendant FAR constitute valid contracts between the parties.

61. The Sales Representative Agreement was supplemented by Defendant FAR's May 6, 2025, commission schedule.

62. Plaintiff was entitled to commissions for personally acquired sales made during his employment in accordance with the commission schedule, even if payment was made following the end of Plaintiff's contact with Defendant FAR.

63. Plaintiff closed at least four sales during his employment for which final payment was made following the end of Plaintiff's contract with Defendant FAR.

64. Plaintiff has not been paid commission for all of his sales for which payment was made after he ended his term with Defendant FAR.

65. Defendant FAR's failure to pay Plaintiff his earned commissions is a breach of the parties' sales representative agreement, as supplemented by the May 6, 2025 commission schedule.

66. Defendant FAR's failure to pay Plaintiff commissions for sales made before he ended employment with Defendant FAR has caused damage to Plaintiff.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment for Plaintiff and against Defendant FAR; award Plaintiff compensation for all compensatory damages allowed by law, including lost wages, commissions, and associated costs incurred by Plaintiff as a result of Defendant FAR's breach of contract; pre- and post-judgment interest; attorneys' fees and costs pursuant to Florida Statutes section 448.08 and any other contractual entitlement thereto; and such other additional equitable and legal relief as may be just and proper.

## DEMAND FOR JURY TRIAL

67. Plaintiff demands a trial by jury on all issues which can be heard by a jury.

Respectfully submitted this 25th day of August 2025.

        **DELEGAL POINDEXTER
        & UNDERKOFLER P.A.**

        */s/ T.A. Delegal, III*
        **T.A. DELEGAL, III**
        Florida Bar No.: 892701
        Email: tad@delegal.net
        Secondary email: office@delegal.net
        **JAMES C. POINDEXTER**
        Florida Bar No.: 0116039
        Email: james@delegal.net
        **ALEXANDRA E. UNDERKOFLER**
        Florida Bar No.: 1018209
        Email: alex@delegal.net
        **ERIN MASON**
        Florida Bar No.: 1010772
        erin@delegal.net
        424 E. Monroe Street
        Jacksonville, Florida 32202
        Telephone: (904) 633-5000
        Facsimile: (904) 358-2850
        Counsel for Plaintiff